<u>Court of Criminal Appeals</u> 40-336-04

Re: Jimmy Johnson T.D.C. # 727145

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 20 2015
Abel Acosta, Clerk

MOTION DENIED
DATE: 3-11-15
BY: P.C.

<u>Trial Cause</u># W95-72894-V(I)

Writ # 40-336-04

<u>Amended Motion For Leave to File Rehearing</u>

<u>To the Honorable Judge of Said Court:</u>

The Applicant Jimmy Johnson Al Gee and offer into Evidence and objection Against <u>Court of Criminal Appeals</u> dismissing my <u>11.07 Writ of Habeas Corpus</u> without an Written order this Subsequent Application on <u>2-4-2015</u> was Abuse of discretion See <u>EX Parte Torres 943 S.W. 2d. 469 Tex. Crim. App. (1997)</u> Against disposition Related to merits of All other claims Raised, on disposition Related to denials, while dispositions unRelated to the merits was Given An dismissals and disposition to determine whether A subsequent writ is Barred by §4 A disposition is Related to the merits if it decides the merits or make a determination that the merits of the Applicant claims can never be decided see <u>Hawkin vs Evans 64 F. 3d. 543, 547 10th C.R. (1995)</u> disposition is considered on the merits if the court Refuses to determine the merits because of State Procedural default see <u>Torres 943 S.W. 2d. At 474.</u> When the Appellate Courts Are not Bound by a trial Courts Finding in A Habeas Corpus action, the Appellate Courts Generally Accept those Findings if they Are supported By the Record see <u>Brandley 781 S.W.</u>

(1)

2d. 886, 887-88 Tex-Crim. APP. cert. denied 498 U.S. 817 (1990) AGAINST Claiming INNOCENCE See HERRERA VS Collin 506 U.S. 390 (1993), State ex. Rel. Holmes VS 3rd Court of APPeal 885 S.W. 2d. 389, 397-99 Tex. Crim. APP. (1994) OVER Ruling Binder 660 S.W. 2d. At 103 And Elizondo 947 S.W. 2d. At 207 And 209 See Also C.C.P. Article 40.001 The APPlicant Johnson ARGue A PRePonderance of Newly discovered evidence demonstrates, that but for A Violation of the United State Constitution, NO RATIONAl JuROR would have convicted me of A 1st deGree Murder, when the State never Posses the AFFirmative Finding of the weapon And claim of Actual INNocence Are cateGorized As HERRERA OR Schlup claims, because By clear And convincing evidence that a Jury would ACQuit the APPlicant Johnson Base on Newly discovered evidence, An APPlicant Seeking Habeas Relief Base on A claim of Factual INNocence As A threshold demonstrates that the Newly discovered evidence, if true creates A doubt As to the efficacy of the verdict sufficient to undermine confidence in the verdict And that it is Probable that the verdict would be different, And this Habeas Court must Afford the APPlicant A Forum And Opportunity to Present my evidence, because NO REASONAble JuROR would have convicted me in light of the Forensic D.N.A. FinGer Prints testing, New evidence AGainst Ballistic FinGer Prints on the murder weapon would Prove the State Never Posses the murder weapon And that I was convicted unlawfully By a Jury And Prosecutor Misconduct From ineffective Assistance of Counsel, denial of A Fair And impartial trial And this

(2)

Constitutional error Probably Resulted in A conviction of one was Actually innocence, because the evidence that was not known to the Applicant Johnson At the time of trial and could not be known to me even with the exercise of due diligence and I can not Rely upon evidence or Facts that were Available At the time of my trial, Plea or Post trial Motions, see Motion For New Trial, on Request For Relief see Motion to File For A Stay, Motion to Consolidate Appeals, Motion to Extend time For Reconsideration and Motion For Rehearing From denial of A Fundamental Right Against A Miscarriage of Justice when I was convicted illegally And Received an Void life sentence and Request For A New Trial And New Punishment hearing under Article 44.29, on Request For want of Jurisdiction see McCullough 966 S.W. 2d. 529 Tex. Crim. App. (1998) Against one Bite of the Apple challenging A deadly weapon Finding in A Habeas Petition is the Same As challenging the underlying conviction For Purpose of Article 11.07's limitation on the number of Habeas Petitions see Rawlinson 958 S.W. 2d at 198 when the Applicant Johnson has been unlawfully Confined since 1994-2015 and is only eligible For Parole After completion of 30 Flat Years in violation of An liberty interest see 910 S.W. 2d at 481 and 483, because challenging matters not Related to the validity of the Prosecution or Judgment of Guilt like matters Arising From Parole Revocation - do not Bar later Habeas Petitions see Evans 964 S.W. 2d at 643 When decide whether A defendant has exhausted his Ability to File Habeas Petitions, the Semantics

(3)

of disposing of an earlier Habeas Petition aren't as the Action the court has Actually taken see Thomas 953 S.W. 2d. at 286 because the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this Article, because the factual or legal basis for the claim was unavailable on the date the Applicant filed the previous application See C.C.P. Article 11.07 # 4(a)-(c) and under C.C.P. Article 11.07 # 5 upon recieving and reviewing the records the court shall enter its Judgment remanding the Applicant to custody or ordering my Release, as the law and facts may Justify. The mandate of the court shall issue to the court issuing the writ, as in ~~other~~ other criminal cases. After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and ~~of~~ of no effect in discharging the prisoner and under Article 11.07 # 6 upon any hearing by a district Judge by virtue of this Act, the Attorney for Applicant, and the State, shall be Given at least 7 full days notice before such hearing is held and Also see Article 11.07 # 7 Allege when the Attorney for the State Files an Answer, Motion, or other Pleading Related to an Application for a writ of Habeas Corpus, the Clerk of the court shall mail or delivered to the Applicant A copy of the Answer,

(4)

Motion, Pleading, or Order and the Attorney General has determined that Although the Provision in Article 11.07 § 3(b) that requires service by the clerk on the Prosecuting Attorney by certified mailed is mandatory, the Prosecutor may waive that method service see Op. Tex. Atty. Gen. JC-44 (1999) while A clerk may not unilaterally use A substitute method of service, and their should be no reason to conclude that A Prosecutor may waive the method of service prescribe in the Statute JC-44 at 2. On Rehearing, the Court Ruled that language in Article 11.07 § 4 Barring Subsequent Applications After the validity of the conviction has Been Challenged means All subsequent Application, including time credit claims that don't challenge the validity of the conviction see Whiteside 12 S.W. 3d at 819 Tex. Crim. App. (2000) Opinion Rehearing.

A Habeas Application and Applicant may Not Avoid the Bar to consideration of A subsequent Application For writ of Habeas Corpus under Article 11.07 § 4(A) by Asserting that the nature of his subsequent Application does not Challenge the conviction see Evan 964 S.W. 2d 643 Tex. Crim. App. (1998) because I was Not Aware of the fact Giving Rise to the subsequent Application until Several Years After the initial Application was denied see Lemke 13 S.W. 3d at 791 defendant showed Reasonable diligence in Ascertaining the facts when I learned After my initial Habeas

(5)

Application was denied and Applicant Johnson is entitled to one Appeal as of Right as mandated By the Supreme Court of the United States see *Douglas vs California* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d. 811 (1963) Further the *6th and 14th Amendment of the United States Constitution mandate* that Applicant Received effective Assistance of Counsel on my 1st Appeal as a Right, and that, should an Appeal be dismissed for Failure to Comply with a State Appellate Rules, such Appeal must be Remanded to the State Court of Appeals for A full hearing of the merits of the Appeal see *Evitts vs Lucey* 469 U.S. 387, 105 S.Ct. 830, 83, L.Ed.2d. 821 (1986) See Rule 73.1 and 73.2 with Article 11.071 ¥ 5 (a) and Article 11.072 ¥ 8 and 9   Also Rule 2 Against my illegal and void life sentence under C.C.P.Article 44.01 ¥ (a)(2) See *Motion to set Aside Conviction*, on Request to Reverse and Remand for an Evidentiary hearing in determining the Legal Sufficiency, to view the evidence in the light most Favorable to the verdict for Finding of Facts and Conclusion of law, to determine whether any Rational trier of Facts Could have Found the essential Element of the offense Beyond A Reasonable doubt see *Jackson vs Virginia* 443 U.S. 307, 319, S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) Against deciding A verdict unfairly see Rule 606 (b) and *C.C.P. Article 44.29.* to Remand For A New Trial and New Punishment hearing to Prove my innocence By due Process of law see C.C.P.Article 36.19,       (6) See Article 11.07 ¥ 3 (d).

this Motion For Rehearing have Been Filed to the Trial Court And to Court of Criminal Appeals For A mandate to Issue.

2-17-2015
Date

Jimmy Johnson
Applicant Signature

certificate of service Rule 9.5
Rule 2 Suspension of Rules

The Applicant Jimmy Johnson verify the statement made in this Amended Affidavit of inability to Pay court costs And initial Filing fees without Prepayment of fees to File Motion For leave to File For Rehearing is true And correct under the Penalty of Perjury see 28 U.S.C.§ 1746 For Purpose of Mailbox Rule 4(c)1, 2,3(d for the original And copies of Records in Rule 9.3(b), Rule 34.5(c), Rule 34.6 (e)(4), Rule 35.2 (c) And 35.3(b)3 For Service in Rule 5 2,7 And Local Rule 10, 11,12 (c) And Benefits.

2-17-2015
Date

Jimmy Johnson
Applicant Signature